IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT PHILIP ARSENEAU,

      Plaintiff,

v.                                           CASE NO. 4:13-cv-251-WS-GRJ

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiff's Complaint (Doc. 1) and Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2). The Complaint was filed on April 29, 2013. The Court ordered Plaintiff to submit a computer printout for his inmate bank account for the six (6) month period immediately preceding the filing of the complaint; i.e., the period from **October 29, 2012 to April 29, 2013.** Doc. 4. In response, Plaintiff filed a Prisoner Consent and Financial Certificate. Doc. 5. However, these documents were insufficient because Plaintiff failed to file a computer printout for the full six-month time period and the financial certificate was not signed by a prison official.

The Court ordered Plaintiff to show cause as to why the case should not be dismissed for failure to comply with an Order of the Court. Doc. 6. In response, Plaintiff filed a motion for extension of time to file the account statement. The Court granted the motion and again clearly informed Plaintiff that he must file an account statement for the time period October 29, 2012 to April 29, 2013. Doc. 8. Plaintiff filed an account statement on October 7, 2013, but again it is not for the six-month period preceding the filing of the Complaint. The account statement begins in March 2013,

only one month prior to the filing of the Complaint.

It is Plaintiff's obligation to provide the account information necessary to support his motion for IFP status at the time the IFP motion is filed. The Court has afforded Plaintiff multiple opportunities to provide the account information necessary to rule on his motion. In view of Plaintiff's failure to comply, the Court recommends that leave to proceed as a pauper be denied and that the case be dismissed.

Further, it is apparent that the allegations of the Complaint fail to state a claim upon which relief may be granted. Plaintiff alleges that he suffers from arthritis and migraines, for which he was treated with Vicodin prior to his incarceration. Plaintiff states that he has not been treated with Vicodin in prison, but that prison medical officials are instead treating him with Naproxen. Plaintiff alleges that this treatment is improper. Doc. 1.

Pursuant to 28 U.S.C. § 1915A, the court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and shall "dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief

above the speculative level," and complaint "must contain something more . . . than . . .
a statement of facts that merely creates a suspicion [of] a legally cognizable right of
action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly*
"expounded the pleading standard for all civil actions," and conclusory allegations that
"amount to nothing more than a formulaic recitation of the elements of a constitutional .
. . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint
must allege facts sufficient to move claims "across the line from conceivable to
plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction.
*Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license .
. . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an
action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th
Cir.1998) (*overruled on other grounds* by *Iqbal).*

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate
indifference to the serious medical needs of prisoners violates the Eighth Amendment
prohibition against cruel and unusual punishment.  "To prevail on a deliberate
indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical
need; (2) the defendants' deliberate indifference to that need; and (3) causation
between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d
1291, 1306–07 (11th Cir. 2009).  To establish the second element, deliberate
indifference to the serious medical need, the plaintiff must show: "(1) subjective
knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is
more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir.2004);

*see also Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (explaining that the plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

Even if it is assumed that Plaintiff's asserted medical conditions are objectively serious, his factual allegations reflect that he has received treatment for the conditions. Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.").

As the foregoing authorities establish, Plaintiff's mere disagreement with his treatment does not create a constitutional claim. Because, even liberally construed, the facts alleged do not suggest that Plaintiff could amend his complaint to assert a

cognizable claim for relief, the Court concludes that amendment of the complaint would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Accordingly, it is respectfully **RECOMMENDED** that leave to proceed as a pauper be **DENIED**, and that this case be **DISMISSED** for failure to comply with an order of the Court, failure to prosecute, and failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 23rd day of October 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.